T.C. Summary Opinion 2002-35


UNITED STATES TAX COURT



GERALD R. GRACE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 4182-00S.                    Filed April 4, 2002.



Gerald R. Grace, pro se.

<u>Anne D. Melzer</u>, for respondent.



DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $725 for the taxable year 1997.

The issue for decision is whether certain workers' compensation benefits received by petitioner's wife in lieu of Social Security disability benefits are includable in petitioner's gross income.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Canisteo, New York, on the date the petition was filed in this case.

There is no factual dispute in this case. Petitioner and his wife, Janice R. Grace, filed a joint Federal income tax return for taxable year 1997. During 1997, Mrs. Grace received Social Security benefits of $4,296 and workers' compensation benefits of $2,955.60. The amount of the Social Security benefits Mrs. Grace received was reduced by the amount of workers' compensation benefits she received. Petitioner and Mrs. Grace reported on their return the amount they had received as Social Security benefits, but did not report any portion of the amount that they had received as workers' compensation benefits. In the statutory notice of deficiency, respondent increased the

_____

[1]Petitioner does not dispute respondent's determination that he received $94 in unreported interest income.

total Social Security benefits to $7,251.60, thereby increasing the amount included in petitioner's gross income to $6,163.

Gross income includes "all income from whatever source derived", unless specifically excluded. Sec. 61(a). Generally, gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." Sec. 104(a)(1). Social Security benefits, however, are included in gross income as provided by section 86. If the amount of Social Security benefits a taxpayer receives is reduced because of the receipt of workers' compensation benefits, the amount of the workers' compensation benefits which caused the reduction ("the offset amount") is included in gross income in the same manner as a Social Security benefit. Sec. 86(d)(3); Mikalonis v. Commissioner, T.C. Memo. 2000-281.

Petitioner argues that section 104(a)(1) should in effect "trump" section 86. However, the statutes must be read together: Section 104(a)(1) provides the general rule that workers' compensation benefits are not gross income. Section 86(d)(3) provides the exception to this general rule that the offset amount is included in income in the same manner as a Social Security benefit. This has the effect of equalizing the Federal tax treatment of Social Security benefits available to various taxpayers who may or may not be eligible to receive workers' compensation benefits. See H. Rept. 98-25, at 26 (1983).

Petitioner also argues that the operation of section 86(d)(3) is unjust.  This Court is not the proper place for this argument.  We cannot evaluate the fairness of the law but must apply it as it is written; it is up to Congress to address questions of fairness and to make improvements to the law. Metzger Trust v. Commissioner, 76 T.C. 42, 59-60 (1981), affd. 693 F.2d 459 (5th Cir. 1982).[2]

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[2]We have reviewed and found to be correct respondent's mathematical calculation of the portion of benefits includable in petitioner's gross income under sec. 86.